UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LISA S.,[1]

                Plaintiff,

v.                                                   5:22-cv-01312 (BKS/ATB)

MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton St., Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

On December 7, 2022, Plaintiff Lisa S. filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's denial of her application for Social Security Disability Insurance Benefits. (Dkt. No. 1). On November 8, 2023, the Court So-Ordered the parties' "consented-to motion for reversal and remand" for further administrative proceedings. (Dkt. Nos. 18, 19). As the prevailing party, Plaintiff moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees, paralegal fees, and costs. (Dkt. No. 20). The Commissioner "partially opposes" Plaintiff's motion on the grounds that the attorney time is "excessive" and includes non-reimbursable clerical tasks. (Dkt. No. 21). Plaintiff replied. (Dkt. No. 24). For the following reasons, Plaintiff's motion is granted in part and denied in part.

**II.     DISCUSSION**

  **A.     The EAJA**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). This requires the Commissioner to "demonstrate that his position had a reasonable basis both in law and fact." *Id*. at 82 (internal quotation marks omitted). "When assessing the 'position of the United States,'" the court must "review both 'the position taken by

2

the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Id*. at 82 (quoting 28 U.S.C. § 2412(d)(2)(D)). Here, it is undisputed that Plaintiff was the prevailing party and that Plaintiff's position was substantially justified: the parties entered a consent motion to remand for a new hearing and decision. (Dkt. Nos, 17, 18). Accordingly, the Court turns to the reasonableness of Plaintiff's fee request.

### B.      Reasonableness of Fee Request

"Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded." *Forrest v. Colvin*, No. 15-cv-1573, 2016 WL 6892784, at *2, 2016 U.S. Dist. LEXIS 161800, at *4 (S.D.N.Y. Nov. 21, 2016). In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

#### 1.      Reasonable Hourly Rate

EAJA fees "are subject to a statutory cap of $125 per hour, unless cost of living or a special factor justifies a higher fee." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000). The Second Circuit has held that the cost of living increase over the EAJA statutory base rate of $125 per hour allowed by 28 U.S.C. § 2412(d)(2)(A) is properly measured by the Consumer Price Index ("CPI"). *Harris v. Sullivan*, 968 F.2d 263, 264–66 (2d Cir. 1992). "The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (quoting *Sergenton v. Astrue*, 714 F. Supp. 2d 412, 418 (E.D.N.Y. 2010)). "The equation to determine the hourly rate is: $125 (statutory limit) multiplied by the average

CPI[] for targeted year; the total is divided by the [original] CPI[ rate] from March 1996." *Butts v. Astrue*, 565 F. Supp. 2d 403, 406 n.3 (N.D.N.Y. 2008).

The hourly rates Plaintiff requests, $232.89 for 2022, $240.93 for 2023 appear to be based on the above-described calculation. *See* Dkt. No. 20-3, at 2–4. Specifically Plaintiff seeks:

| 2022 Rate | $232.89 | 2022 Attorney Hours | 1.9 | $442.49 |
|---|---|---|---|---|
| 2023 Rate | $240.93 | 2023 Attorney Hours | 32 | $7,709.76 |
| Paralegal Rate | $100.00 | Paralegal Hours | 6.8 | $680.00 |
| Costs (Filing Fee) | | | | $402.00 |
| **Total EAJA Fees and Costs** | | | | **$9,234.25** |

(Dkt. No. 20-1, at 2).[2] In support of her request, Plaintiff has attached an affirmation by Howard D. Olinsky, (Dkt. No. 20-1, at 1–4), contemporaneous time records, (Dkt. No. 20-4, at 2–4; Dkt. No. 2-5, at 2–4; Dkt. No. 20-6, at 2), and the CPI for the Northeast as reported by the Bureau of Labor Statistics, (Dkt. No. 20-3, at 2–4). These calculations and annual increases appear to track those approved recently in this district, *see Nicole Lynn B. v. Comm'r of Soc. Sec.*, No. 21-cv-00301, 2022 WL 17991090, at *2, 2022 U.S. Dist. LEXIS 232670, at *4 (N.D.N.Y. Dec. 28, 2022) (reviewing the plaintiff's calculation of hourly rate for 2021, which utilized CPI for 1996 and CPI for 2021, and approving hourly rate of $214.29 for attorneys and $100.00 for paralegals as reasonable), and the Commissioner does not object to Plaintiff's "calculation of attorney fee rates for the years 2022 and 2023." (Dkt. No. 21, at 2 n.1). The Court therefore finds the requested hourly rates to be reasonable.

---

[2] This does not include Plaintiff's request for attorney's fees for her reply submission, which is discussed *supra* Section II.B.2.c.

4

### 2. Reasonable Number of Hours

"In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1, 2008 U.S. Dist. LEXIS 99739, at *3 (N.D.N.Y. Dec. 10, 2008). Plaintiff seeks reimbursement for 40.7 hours of attorney and paralegal time. The Commissioner objects to this time as excessive. (Dkt. No. 21).

"It is not unprecedented to award more than forty hours of fees under the EAJA," but the Court must find the fee justified by the nature of the case. *McKevitt v. Colvin*, No. 11-cv-970, 2014 WL 1764339, at *2, 2014 U.S. Dist. LEXIS 60445, at *4 (N.D.N.Y. May 1, 2014) (internal quotation marks omitted); *see also Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010) ("Although many district courts in the Second Circuit find that twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases, fees have regularly been awarded far in excess of this amount."). For example, additional hours may be justified where the case "was not routine," had a "lengthy procedural history," *Salvo*, 751 F. Supp. 2d at 674, or "counsel was brought in at the district court litigation stage, whereupon there were numerous documents and transcripts to be reviewed" including "an extremely voluminous administrative record, totaling nearly 700 pages," *Borus v. Astrue*, No. 09-cv-4723, 2012 WL 4479006, at *3, 2012 U.S. Dist. LEXIS 143570, at *10 (S.D.N.Y. Sept. 28, 2012).

#### a. Review of Administrative Record

Here, the Commissioner objects to the 22.9 hours Attorney Andrew Flemming spent in July 2023 reviewing the administrative record. (Dkt. No. 21, at 3 (citing Dkt. No. 20-5, at 2 (July 18, 2023, 7.5 hours reviewing administrative record, taking notes, and organizing facts, July 19,

2023, 7.8 hours continuing review of record, taking notes, and organizing facts, and July 20, 2023, 7.6 hours finishing review of record, taking notes, organizing facts, and drafting procedural section)). The Commissioner argues 22.9 hours to review the administrative record was excessive because: Plaintiff's "9-page brief contains no recitation of Plaintiff's medical history," "arguments concerning the ALJ's analysis of the medical evidence," or "novel legal challenges"' and review of the administrative record was redundant of the work Plaintiff's counsel, "a seasoned Social Security litiga[tor]," had "already performed at the administrative level." (Dkt. No. 21, at 3–4). Plaintiff replies that the number of hours Flemming spent reviewing the record were justified by the size of the record in this case, 2,373 pages, and that review of the record was necessary "given representation at the hearing level occurred two years prior to receipt" of the administrative record in this action. (Dkt. No. 24, at 1–2). The Court agrees.

Although "the length of the administrative record" may not be "dispositive in determining the number of hours reasonably expended," *Rivalis v. Kijakazi*, No. 22-cv-02359, 2023 WL 4073796, at *1, 2023 U.S. Dist. LEXIS 106604, at *3 (S.D.N.Y. June 20, 2023) (quotation omitted), courts regularly consider lengthy administrative records as a factor justifying an award of fees *exceeding* the "generally awarded 20 to 40 hours," *id.* 2023 WL 4073796, at *1–2, 2023 U.S. Dist. LEXIS 106604, at *3–4 (finding the plaintiff justified in seeking fees for 57.3 hours "due to the lengthy 2,778-page record" and notwithstanding the defendant's contention that the issues raised were "routine"); *see Ortiz v. Comm'r of Soc. Sec.*, No. 20-cv-5715, 2022 WL 2713571, at *2, 2022 U.S. Dist. LEXIS 124247, at *3 (S.D.N.Y. July 13, 2022) (Nathan, J.) ("Here, the Court concludes that the considerable 2,146-page administrative record justifies exceeding the 40-hour benchmark as the Plaintiff's counsel did."). Thus, given the size of the administrative record, the Court concludes that the absence of novel

6

legal issues does not warrant a reduction in hours. Further, neither Plaintiff's counsel's extensive experience nor familiarity with the administrative proceedings, which took place two years prior to the filing of the administrative record in this case, (Dkt. No. 24, at 1–2), provide a basis for reducing the number of hours requested, *see Ortiz*, 2022 WL 2713571, at *2, 2022 U.S. Dist. LEXIS 124247, at *3–4 (recognizing that factors such as counsel's experience or representation of a plaintiff in the administrative proceedings "may in some cases counsel toward a reduction in requested fees," such factors did not warrant reduction in case where record was especially lengthy). Moreover, Plaintiff seeks, in total, 40.7 hours of attorney and paralegal work—only slightly over the generally acceptable number of hours for Social Security litigation in federal district courts. Accordingly, the Court finds no basis to reduce the 22.9 hours counsel spent reviewing the administrative record.

The Commissioner also objects to the April 17, 2023 time entry of "0.5" hours by Attorney Howard Olinsky for "preliminary review of transcript-assign attorney writer" on the basis that it is redundant of Flemming's administrative record review and clerical in nature. (Dkt. No. 21, at 5). The Court disagrees. As Olinsky is the attorney who ultimately signed and filed Plaintiff's brief, (Dkt. No. 12, at 9), familiarity with the administrative record would be a necessary prerequisite. Moreover, given the reasonableness of the time spent on this task, any overlap with an incidental clerical task does not warrant a reduction in this case. *See, e.g.*, *Salvo*, 751 F. Supp. 2d at 675 (reviewing "time entries cited by Defendant as being clerical in nature" and concluding that "while certain of those entries do have a clerical element," it was "apparent that [the attorney] billed not for the clerical task but rather for his direct involvement in, or supervision of, a legally substantive task").

7

### b. Clerical Work

The Commissioner objects to certain paralegal and attorney hours on the ground that they reflect administrative or clerical work that is not recoverable under the EAJA. (Dkt. No. 21, at 6–7). Plaintiff opposes any reduction in these hours. (Dkt. No. 24, at 5–6).

Courts regularly decline to award or reduce attorney or paralegal fees under the EAJA for clerical tasks. *See Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015) (concluding that "no attorney's fee award is appropriate for clerical tasks"); *Yulfo-Reyes v. Berryhill*, No. 17-cv-2015, 2019 WL 582481, at *3, 2019 U.S. Dist. LEXIS 23273, at *8 (D. Conn. Feb. 13, 2019) (finding a "reduction in time . . . for the performance of clerical tasks is warranted"); *William M. v. Kijakazi*, No. 17-cv-1681, 2022 WL 292406, at *3, 2022 U.S. Dist. LEXIS 17636, at *7 (D. Conn. Feb. 1, 2022) ([R]eceiving, filing, refiling and forwarding documents are clerical, non-compensable tasks.").

The Commissioner identifies the following entries as clerical:

| Date | Subject | Hours | Timekeeper (Paralegal) |
| --- | --- | --- | --- |
| 10/21/2022 | Files received, reviewed and processed from AC department for attorney review | .6 | Kristen Harrington |
| 11/22/2022 | FDC contract and other rep documents prepared for client completion | .6 | Miguel Negron |
| 11/22/2022 | FDC contract and other rep documents returned via AssureSign, reviewed for completion | .3 | Miguel Negron |
| 04/11/2023 | Combine, OCR and live bookmark federal court transcript (2373 pages) | 2.4 | Brenden Perrigo |

| Date | Subject | Hours | Timekeeper (Attorney) |
|---|---|---|---|
| 12/14/2022 | Review order reassigning case to Chief Judge Brenda K. Sannes and Magistrate Judge Andrew T. Baxter | 0.1 | Howard D. Olinsky, Esq. |
| 03/09/2023 | Review order granting motion for extension to file answer/CAR, update deadline | 0.1 | Howard D. Olinsky, Esq. |
| 08/30/2023 | Review order granting motion for extension to file Defendant's brief, update deadline | 0.1 | Howard D. Olinsky, Esq. |
| 09/29/2023 | Review order granting motion for second extension to file Defendant's brief, update deadline | 0.1 | Howard D. Olinsky, Esq. |
| 11/09/2023 | Review order reversing and remanding case for further proceedings | 0.1 | Howard D. Olinsky, Esq. |

(Dkt. No. 21, at 6–7). The Court agrees that the tasks performed by the paralegals identified above, which include preparing the administrative record for attorney review and review of client contract, are clerical in nature and non-recoverable under the EAJA. *See Chambers v. Comm'r of Soc. Sec.*, No. 19-cv-2145, 2021 WL 791327, at *3, 2021 U.S. Dist. LEXIS 38307, at *8–9 (S.D.N.Y. Mar. 1, 2021) (reducing paralegal hours for "clerical work, preparation of service documents, and preparation of the administrative record for attorney review"). However, the Court declines to reduce the time Attorney Olinsky spent reviewing Court-issued orders as familiarity with Court orders as the attorney of record is generally expected. Nor will the Court reduce these already minimal time entries on the ground that they may also include incidental clerical tasks. Accordingly, the Court reduces the paralegal hours by 3.9 hours but declines to reduce Attorney Olinsky's time entries.

### c. Reply Preparation

In her reply, Plaintiff requests an additional 4.3 hours in attorney time at the rate of $240.93 per hour for time preparing her reply submissions. (Dkt. No. 24, at 7). The

9

Commissioner, in anticipation of Plaintiff's "likely" request for additional hours preparing a reply, asks that the Court apply the relevant legal standards and "discount[]" any such request "appropriately." (Dkt. No. 21, at 8). As the reply is not duplicative of Plaintiff's initial brief and directly addresses the arguments the Commissioner raised in his response, the Court finds the requested 4.3 hours reasonable. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014) (finding "that the Plaintiff's request for 4.3 hours spent in connection with his EAJA reply brief is reasonable"); *but cf.*, *Rosario v. Comm' of Soc. Sec.*, No. 21-cv-03811, 2022 WL 17669939, at *2 n.3, 2022 WL 17669939, at *4 n.3 (S.D.N.Y. Dec. 14, 2022) (noting that because "arguments raised on reply and the authority raised therein appear to be substantively similar and, in some cases identical to, the arguments and authority raised" in "other EAJA briefing . . . 3.7 hours seems unreasonable and duplicative"). Accordingly, the Court grants Plaintiff's request for an additional 4.3 hours of attorney time.

### C.   Costs

Plaintiff request for costs in the amount of $402.00, the amount of the filing fee in this case. (Dkt. No. 20-7, at 2). The Commissioner does not object. (Dkt. No. 21, at 2 n.1). The Court therefore finds the requested costs reasonable. *See Barbour*, 993 F. Supp. 2d at 292 ("Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees." (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)).

### D.   Final Calculation

Accordingly, EAJA fees, hours (minus the reductions discussed above), and costs are awarded as follows:

| 2022 Rate | $232.89 | 2022 Attorney Hours | 1.9 | $442.49 |
|---|---|---|---|---|
| 2023 Rate | $240.93 | 2023 Attorney Hours (including *Reply*) | 32 + 4.3 = 36.3 | $8,745.75 |
| Paralegal Rate | $100.00 | Paralegal Hours | 6.8 – 3.9 = 2.9 | $290.00 |
| Costs (Filing Fee) | | | | $402.00 |
| **Total EAJA Fees and Costs** | | | | **$9,880.24** |

E.   **Payment**

Plaintiff signed a waiver of direct payment of EAJA fees and an assignment specifying payment of fees directly to her attorney. (Dkt. No. 20-2, at 2). Plaintiff requests that in the event "the United States Department of Treasury determines that Plaintiff owes no debt [under the Treasury Offset Program, 31 U.S.C. § 3715] that is subject to offset," that the government pay the award directly to her attorney. (*Id.*). The Commissioner does not contest the direct payment of fees to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (recognizing direct payment to counsel when the prevailing party "does not owe a debt to the government and assigns the right to receive the fees to the attorney").

III.   **CONCLUSION**

For these reasons, it is

**ORDERED** that the Plaintiff's motion for attorney's fees (Dkt. No. 20) is **GRANTED** in part and denied in part; and it is further

**ORDERED** that the Court awards $9,880.24 in attorney's fees, paralegal fees and costs, payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

Date:   November 7, 2024

Brenda K. Sannes
Chief U.S. District Judge

11